IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KENTLIN HOPKINS,                          :
                                          :
            Plaintiff                     :
                                          :
      v.                                  :    CIVIL NO. 3:CV-14-1450
                                          :
ANN(COMMISSARY), ET AL.,                  :    (Judge Conaboy)
                                          :
            Defendants                    :

FILED
SCRANTON

AUG 0 7 2014

PER_____
DEPUTY CLERK

## MEMORANDUM
### Background

      Kentlin Hopkins (Plaintiff), an inmate presently confined at
the Luzerne County Correctional Facility, Wilkes-Barre,
Pennsylvania, initiated this pro se civil rights action pursuant to
42 U.S.C. § 1983.  Accompanying the Complaint is an in forma
pauperis application.[1]

      Named as Defendants are the following three (3) officials of
the Luzerne County Correctional facility:  Ann, who is described as
being employed in the prison commissary; Sergeant Mike Rostowski;
and Hearing Examiner Ray.  Plaintiff states that on Friday, July
18, 2014 he was in the supply closet located outside the commissary
and held "a verbal conversation" with Defendant Ann " while my

_____

1.  Hopkins completed this Court's form application to proceed in
forma pauperis and authorization to have funds deducted from his
prison account.  The Court then issued an Administrative Order
directing the Warden at his present place of confinement to
commence deducting the full filing fee from Plaintiff's prison
trust fund account.

erect penis was exposed in full view" for approximately fifty minutes. Doc. 1, ¶ IV(1).

The following Monday, Ann allegedly notified Sergeant Rostowski "in regards to a letter she received." Id. at (2). The next day, July 22, 2014, Rostowski had Plaintiff placed in the prison's Restricted Housing Unit (RHU). The Complaint adds that Hopkins has spoken to Hearing Examiner Ray "regarding the entire accusations" and said Defendant indicated that he would bring the matter to the attention of the Deputy Warden.[2] Id. at (3).

Plaintiff concludes that the actions of the Defendants have placed him in danger of emotional and physical harm. Hopkins seeks compensatory damages for each day he is kept in the RHU.[3]

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

2. Plaintiff includes a vague assertion that because he has been in prison for over six months it is much easier to be manipulated by a woman. See id. at ¶ IV.

3. The Complaint is postmarked July 25, 2014.

When considering a complaint accompanied by a motion to
proceed in forma pauperis, a district court may rule that process
should not be issued if the complaint is malicious, presents an
indisputably meritless legal theory, or is predicated on clearly
baseless factual contentions. Neitzke v. Williams, 490 U.S. 319,
327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.
1989). Indisputably meritless legal theories are those "in which
either it is readily apparent that the plaintiff's complaint lacks
an arguable basis in law or that the defendants are clearly
entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d
192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277,
1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has
added that "the plain meaning of 'frivolous' authorizes the
dismissal of in forma pauperis claims that . . . are of little or
no weight, value, or importance, not worthy of serious
consideration, or trivial." Deutsch v. United States, 67 F.3d
1080, 1083 (3d Cir. 1995). It also has been determined that "the
frivolousness determination is a discretionary one," and trial
courts "are in the best position" to determine when an indigent
litigant's complaint is appropriate for summary dismissal. Denton
v. Hernandez, 504 U.S. 25, 33 (1992).

The Fourteenth Amendment prohibits the states from depriving
"any person of life, liberty, or property, without due process of
law." U.S. Const. amend. XIV, § 1. In order to determine whether a
due process violation has occurred, an initial determination must
be made that a protected liberty interest exists and, if so, the
next step is to define what process is mandated to protect it. See

3

Sandin v. Conner, 515 U.S. 472, 484 (1995). A protected liberty interest may be created by either the Due Process Clause itself or by state law. Id. Due process requirements apply only when the prison officials' actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Conversely, there can be no due process violation where there is no protected liberty interest.

The United States Supreme Court in Sandin, shifted the focus of liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. In Sandin, the Supreme Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. Courts within this circuit, applying Sandin in various actions, have found no merit in due process claims presented regarding short term institutional administrative custody placement. See Griffin v. Vaughn, 112 F.3d 703, 706-08 (3d Cir. 1997)(no liberty interest in avoiding fifteen (15) month placement in administrative custody because said confinement was not atypical).

Prisoners simply have no due process protected right not to be placed in pre-hearing disciplinary segregation because such placement is not an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002)("confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of

4

'atypical' deprivation of prison life necessary to implicate a
liberty interest.")

Courts within this circuit, applying <u>Sandin</u> in various
actions, have also found no merit in procedural due process claims
presented regarding institutional misconduct proceedings which
resulted in disciplinary custody placement.  <u>See</u> <u>Torres v. Fauver</u>,
292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can
reasonably anticipate transfer to disciplinary custody, placement
in segregation as a disciplinary sanction did not implicate a
protected liberty interest); <u>Smith v. Mensinger</u>, 293 F.3d 641, 645,
654 (3d Cir. 2002)(seven (7) months of disciplinary confinement did
not implicate liberty interest).

In <u>Diaz v. Canino</u>, 2012 WL 5352483 *3 (3d Cir. Oct. 31,
2012), the Third Circuit Court of Appeals reiterated that the
sanctions resulting from prison disciplinary hearings do not affect
a protected liberty interest unless the sanction imposes an
atypical and significant hardship on the inmate.  In <u>Diaz</u>, the
Court of Appeals concluded that a 360 day term of disciplinary
confinement did not implicate a protected liberty interest.

Considering the rules of law set forth in <u>Sandin</u> and the
subsequent line of decisions by the Third Circuit Court of Appeals,
regardless of whether Plaintiff's RHU confinement was an
administrative custody placement or the result of a disciplinary
proceeding this Court finds that Plaintiff's claims that he was
improperly placed in the RHU because of an allegation leveled
against him by a female prison employee is meritless because the
magnitude of his brief placement in segregation (three days as of

5

the filing of this action) does not implicate a protected liberty interest.[4]

Second, any attempt by Plaintiff to establish liability against Hearing Examiner Ray based upon the substance of the Defendant's apparent  response to a conversation held with the Plaintiff also does not by itself support a constitutional due process claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Finally, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.  42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Third Circuit Court of Appeals added that an inmate alleging a violation of his constitutional

---

4.  It is also noted that there is no claim that Plaintiff's placement was the result of any retaliatory motive.

rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and mental injuries for violation of his constitutional rights is barred by Section 1997e(e).

## Conclusion

Plaintiff's claims relating to his approximately three (3) day RHU placement do not rise to the level of a constitutional violation. Since Hopkins' Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 7, 2014